***E-FILED - 11/10/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HASSAN ABPIKAR, | ) | No. C 09-4201 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER OF DISMISSAL |
| | ) | |
| vs. | ) | |
| | ) | |
| JERRY BROWN, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

On September 11, 2009, petitioner, incarcerated at the Santa Clara County Jail and proceeding pro se, filed the above entitled petition for a writ of habeas corpus. He has paid the filing fee. For the reasons stated below, the court DISMISSES this case.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.09\Abpikar201dis.wpd

applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.**     **Analysis**

Petitioner states that he is currently detained and in removal proceedings. (Pet., p. 13.) In this federal habeas petition, petitioner is attacking his 1999 state court conviction for petty theft. (Id. at 3.) Specifically, petitioner claims that counsel was ineffective for a variety of reasons and that he was prejudiced because the state conviction is now being used to remove him. (Id. at 7-9.)

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. See 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. See id. A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990).

Petitioner alleges that he is being held for removal, having served his sentence on the conviction which he attempts to challenge here. He thus is not "in custody" for purposes of a writ of habeas corpus directed to the conviction. See Resendiz v. Kovensky, 416 F.3d 952, 958 (9th Cir. 2005) (immigration detainee facing deportation on basis of state-court conviction not in custody pursuant to the judgment of a state court and therefore cannot file habeas petition under 28 U.S.C. § 2254); see also id. at 960 (immigration detainee cannot collaterally attack state court judgment in a § 2241 petition against the INS; sole remedy is to attack state court conviction in state court). The petition will be dismissed.

## CONCLUSION

For the foregoing reasons, the petition is summarily DISMISSED. The clerk shall terminate all pending motions, enter judgment, and close the file.

IT IS SO ORDERED.

DATED: 11/6/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.09\Abpikar201dis.wpd            2